IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-10, Plaintiff | : <br> : <br> : <br> : No. 1:13-cv-00243 <br> : <br> : (Chief Judge Kane) |
| v. | : <br> : |
| SHARON LEE VIKA and ROXANNE MOYER, Defendants | : <br> : <br> : |

# MEMORANDUM ORDER

Presently pending before the Court is Plaintiff's motion for default judgment. (Doc. No. 8.) Because Defendants have yet to appear or defend in this action, no opposition to the motion has been filed. For the reasons that follow, the Court will grant the motion and enter default judgment in favor of Plaintiff.

## I. BACKGROUND

On February 1, 2013, Plaintiff Deutsche Bank National Trust Company filed this mortgage foreclosure action against Defendants Sharon Lee Vika and Roxanne Moyer. (Doc. No. 1.) In its complaint, Plaintiff alleges that Defendants have failed to make timely mortgage payments on a property located at 117 Martha's Lane, Pocono Lake, Pennsylvania. (Id.) As a result, Plaintiff avers that Defendants owe Plaintiff $145,587.20, consisting of $136,915.68 in unpaid principal of mortgage debt; $2,618.65 in accrued interest; $129.84 in late charges; $4,423.32 in escrow advances; $130.00 for a property inspection; $210.00 for property valuations; and $1,660.00 for attorney's fees. (Doc. No. 16-2.)

The record shows that, although Defendants were properly served with the summons and

1

complaint, Defendants have not appeared, answered, moved, or otherwise responded to the pleading. After Defendants failed to respond to the pleading, Plaintiff requested, and the Clerk of Court entered, default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. Nos. 7, 10.)

## II.     DISCUSSION

Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Here, Plaintiff has moved for the Clerk of Court to enter default judgment pursuant to Rule 55(b)(1). (Doc. No. 12.) The Clerk, however, may not enter default judgment under Rule 55(b)(1) because Plaintiff seeks not only a "sum certain," but also, attorney's fees in the amount of $2,038.50. (Doc. No. 12-2.) See Fed. R. Civ. P. 55(b)(1) (stating that the clerk may enter default judgment only where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation"); Moore § 55.20[4] ("A claim for attorney's fees will rarely be for a 'sum certain' because, typically, a judicial determination is necessary to decide whether to award fees, and, if an award will be made, in what amount."). Thus, the Court will construe Plaintiff's motion as an application for default judgment to be entered by the Court under Rule 55(b)(2).

Even when a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to enter default judgment under Rule 55(b)(2) rests in the discretion of the district court. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). In undertaking this evaluation, the Court must consider: (1) whether the plaintiff will be

2

prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable.  See, e.g., Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).  But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c).  As the United States Court of Appeals for the Third Circuit has explained:

> In most instances where a party's right to prosecute or defend would be terminated as a sanction, the moving party has the burden of creating a record showing the appropriateness of this ultimate sanction and the district court has the responsibility of making a determination on that issue in light of considerations like those articulated in Poulis.  When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred. Even in those situations, however, consideration of Poulis type factors is required if a motion to lift the default is filed under Rule 55(c) or Rule 60(b) and a record is supplied that will permit such consideration.

Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

Here, it is clear that the factors weigh in favor of granting a default judgment.  First, there is a risk of prejudice to Plaintiff if default is denied, as Defendants owe nearly $150,000.  Second, Defendants have not asserted any defense, either by answering the allegations of the complaint or by opposing the present motion for default judgment.  Finally, the Court can find no excuse or reason for Defendants' default other than their own conduct.  Plaintiff has shown that Defendants were served with all of the required documents.  Despite this fact, Defendants have neither engaged in the litigation process nor offered any reason for their failure to appear.

3

Therefore, the Court finds that Defendants are personally culpable for their failure to appear and that there is no basis to excuse this conduct. Accordingly, default judgment is warranted.

Because default judgment will be entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). The allegations in the complaint, taken as true, are sufficient to show that Plaintiff is entitled to the relief requested. Further, Plaintiff has supported the amounts of requested damages and attorney's fees with exhibits and an affidavit. (Doc. No. 8-2; Doc. No. 14.) Accordingly, the Court does not find that a hearing is necessary under Rule 55(b)(2)(B) to determine the amount of damages due, as the requested amount is computable from the submitted documentary evidence. See Moore § 55.32[2][c] ("[T]he "hearing" may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue").

**ACCORDINGLY**, on this 17th day of May 2013, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for default judgment (Doc. No. 8) is **GRANTED**;

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff Deutsche Bank National Trust Company and against Defendants Sharon Lee Vika and Roxanne Moyer in the amount of $145,587.20, along with interest at a rate of $6.68 from February 27, 2013 until the judgment is fully paid;

3. All legal rights, title, and interest that Defendant has in the subject property, located at 117 Martha's Lane, Pocono Lake, Pennsylvania 18347, inclusive of buildings and improvements thereon, shall be sold at Marshall's Sale;

4. All amounts owed by Defendants to Plaintiff under the loan documents and otherwise in this action shall be paid out of the proceeds of said sale;

5. If the proceeds of said sale of the Property exceed the sum of money owed by Defendants to Plaintiff under the loan documents and otherwise in this action, any

such excess shall be deposited with the Clerk of Court; and

6. The Clerk of Court is directed to enter judgment in favor of Plaintiff and close the case.

                                                  S/ Yvette Kane
                                                  Yvette Kane, Chief Judge
                                                  United States District Court
                                                  Middle District of Pennsylvania